UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:08CV179

GLORIA LYNN JOHNSON                                                           PLAINTIFF

VS.

MICHAEL J. ASTRUE,
      Commissioner of Social Security                               DEFENDANT

## MEMORANDUM OPINION

Before the Court is the complaint of ("Plaintiff" or "Claimant") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). After examining the administrative record ("Tr."), the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the defendant Commissioner should be affirmed.

## PROCEDURAL HISTORY

On April 22, 2004, Claimant filed application for disability insurance benefits and supplemental security income payments, alleging that she became disabled as of February 20, 2004. After a hearing, Administrative Law Judge Randolph E. Schum ("ALJ") determined that claimant's status-post bypass surgery, coronary artery disease and hypertension were severe impairments that prevented her from performing any of her past relevant work. The ALJ further found that she retained the residual functional capacity to perform jobs that exist in significant numbers in the national economy. This became the final decision of the Defendant when the Appeals Council denied review on January 31, 2008.

## STANDARD OF REVIEW

The task of this Court on appellate review is to determine whether the administrative

1

proceedings were flawed by any error of law, and to determine whether substantial evidence supports the factual determinations of the ALJ. Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. NLRB v. Columbian Enameling and Stamping Co., 306 U.S. 292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988). If the proceedings are without reversible error and if substantial evidence exists to support the challenged conclusions, this Court must affirm, regardless of whether the undersigned would have found the facts differently.

## ARGUMENTS ON THIS APPEAL

Plaintiff presents a single argument on this appeal, contending that the ALJ committed legal error in failing to give the appropriate weight to the opinion of her treating physician. Dr. Costea, with University Physicians Associates Heart Clinic, submitted a July 21, 2004 statement that Ms. Johnson suffers from coronary artery disease and congestive heart failure which "limit her ability to perform [illegible] physical activity." Tr. 267. While the Court is unable to decipher the word appearing between "perform" and "physical," and while other reviewers have read it as "medium," the ALJ read the word generously as "most" and he conducted his analysis accordingly.

The courts have long held that the treating physician – especially one who has seen the patient over a period of time -- is in a unique position to evaluate the functional impact of an impairment on her or his patient, and the law recognizes the importance of that point of view by according deference to the opinions of treating physicians. In Wilson v. Commissioner, 378 F.3d 541 (6th Cir. 2004), the court again confirmed the weight ordinarily due the opinion of a treating physician. Wilson also underlined the fact that the courts are bound to hold the Commissioner to the requirements of 20 C.F.R. Section 404.1527(d)(2), which calls for the ALJ to state clear reasons

for rejecting or for limiting the weight given the opinion of a treating physician. See also Soc.Sec.Rul. 96-2p.

A treating physician's opinion, if uncontradicted, should be given complete deference. See, e.g., Walker v. Secretary of Health & Human Servs., 980 F.2d 1066, 1070 (6th Cir.1992). A treating physician's opinion is entitled to controlling weight if the Commissioner finds "that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record." 20 C.F.R. S 404.1527(d)(2)(1999). In other words, the opinion of a treating physician need not be given *controlling* weight unless supported by clinical or diagnostic findings. See Walters v. Commissioner of Social Security, 127 F.3d 525, 530 (6th Cir.1997); Bogle v. Sullivan, 998 F.2d 342, 347 (6th Cir.1993); Kirk v. Heckler, 742 F.2d 968, 973 (6th Cir.1984). However, "in all cases there remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference," even if that opinion does not qualify for *controlling* weight. Rogers v. Commissioner of Social Security, 486 F.3d 234, 242 (6th Cir. 2007).

In this case, the treating physician's opinion cannot be said to be "uncontradicted." Furthermore, while there is ample clinical evidence regarding plaintiff's cardiac problems, the restriction that plaintiff avoid all or most physical activity is not supported by clinical or diagnostic findings. Thus, Dr. Costea's opinion is not *controlling*, and the question becomes whether the ALJ conducted an appropriate analysis, granting the necessary deference to Dr. Costea's opinion.

The records of Ms. Johnson's April 2004 visit to Dr. Costea state that she was "now doing fairly well" after her coronary artery bypass two months earlier, although she continued to have

some cervical pain radiating down both arms and to chest. Tr. 269. Dr. Costea's treating records do not appear consistent with a total ban on physical activity. Indeed, Ms. Johnson told Dr. Akaydin that her cardiologist had advised her to "walk and exercise on a regular daily basis to improve her cardiovascular conditioning." Tr. 254. The ALJ noted that the July 2004 statement was submitted shortly after a March episode in which her congestive heart failure was symptomatic (showing as likely pulmonary edema), noting further that November 2004 medical records indicated she was doing well with no complaints. Tr. 17-18. The ALJ also noted an "unremarkable" cardiovascular examination by Dr. Akaydin in August of 2004. Tr. 255. Dr. Akaydin opined that plaintiff should be capable of performing most "mildly physically strenuous employment," but he recommended that she pursue sedentary work. The ALJ rejected the state agency examiners' opinion that Ms. Johnson could perform medium work, adopting the more restrictive "sedentary" recommendation. The ALJ noted that Ms. Johnson's own testimony regarding her physical limitations was that she could lift and carry ten pounds occasionally and less than ten pounds frequently, and could otherwise perform activities consistent with sedentary work. Tr. 310-311.

      The Court is unable to perceive any legal error in the ALJ's evaluation of Dr. Costea's opinion. As substantial evidence supports the ALJ's decision regarding Ms. Johnson's ability to do sedentary work, the Court must affirm.

      An order in conformity has this day entered.